UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| PETE NECHOVSKI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:16-CV-3-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| JODIE L. SNYDER-NORRIS, | ) | **MEMORANDUM OPINION** |
| *Warden*, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Pete Nechovski is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Ashland, located in Ashland, Kentucky. Nechovski has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 [D. E. No. 1, as amended at D. E. No. 10], in which he collaterally challenges his federal drug and firearm convictions imposed in the Southern District of Ohio. Nechovski has paid the $5.00 filing fee. [D. E. No. 9]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

1

petitions pursuant to Rule 1(b)).  However, because Nechovski is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199 (2007)

At this stage of the proceedings, the Court accepts Nechovski's factual allegations as true and liberally construes his legal claims in his favor.  But for the reasons set forth below, the Court determines that Nechovski is not entitled to the relief which he seeks, and that his § 2241 habeas petition must be denied.

## NECHOVSKI'S CRIMINAL CONVICTION AND SENTENCE AND PRIOR COLLATERAL CHALLENGES

On June 7, 2007, a federal grand jury in the Southern District of Ohio returned an indictment charging Nechovski with conspiracy to possess with intent to distribute over 500 grams of cocaine in violation of 18 U.S.C. § 846 ("Count One").  *United States v. Pete Nechovski*, No. 2:07-CR-131 (S.D. Ohio 2007)  The indictment was superseded on October 11, 2007, resulting in Nechovski being charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Two") and being a felon in possession of ammunition, also in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Three").  On January 14, 2008, Nechovski filed a motion to sever Count One from Counts Two and Three for trial purposes, and the district court granted

2

Nechovski's motion.  A jury trial on Count One commenced on August 4, 2008, and on August 7, 2008, the jury found Nechovski guilty of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846.  [D. E. No. 86, therein]  On November 25, 2008, Nechovski was sentenced to 120 months in prison, the mandatory minimum sentence.  [D. E. No. 92, therein][1]

Nechovski filed a timely appeal, asserting that the evidence was constitutionally insufficient to sustain his conviction.  On April 7, 2010, the Sixth Circuit Court of Appeals affirmed the judgment of the District Court.  *United States v. Nechovski*, 372 F. App'x 568, (6th Cir. 2010).  On October 4, 2010, the United States Supreme Court denied Nechovski's petition for a writ of certiorari.  *Nechovski v. United States*, 562 U.S. 915, 131 S.Ct. 278, 178 L.Ed.2d 183 (2010).

On September 26, 2011, Nechovski filed a motion to vacate, set aside or correct sentence, arguing that because he had been denied effective assistance of counsel during all stages of his federal criminal proceeding, he was being held in custody in violation of the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel in criminal proceedings.  [*Id.*, D. E. No. 115, therein]  Neckovski first alleged that he had been denied effective

---

[1] On January 30, 2009, Nexhovski pleaded guilty to Count Two of the Superseding Indictment, and Count Three was dismissed.  *See id.*, Minute Entry, D. E. No. 107, therein.  On February 3, 2009, the district court imposed a 27-month sentence on Count Two, which it ordered to run concurrently with the 120-month sentence previously imposed on Count One.  *See id.*, D. E. No. 108, therein.

assistance of counsel during the pre-trial stage, because his attorney failed to file a motion to dismiss the charges based on a violation of the Speedy Trial Act and failed to properly investigate his case.

Next, Nechovski argued that during the trial phase, his trial counsel was ineffective by failing to: (1) properly cross-examine Drug Enforcement Agents ("DEA") Heufelder and Waugaman; (2) argue that the exclusion of evidence regarding a complaint filed against Agent Waugaman deprived him of his right to present a defense; (3) hire an investigator to establish that Heufelder was not credible when he testified that he overheard Nechovski's voice during a telephone call made to Arthur Shawn Jarrell, who had been arrested for delivering cocaine to a confidential informant, and that Heufelder was able to recognize Nechovski's voice three months later because he had an identifiable accent; (4) properly cross-examine Agent Heufelder concerning his identification of Nechovski's voice; (5) re-call Jarrell to testify once he was declared a hostile government witness after testifying that he had lied to police when he had previously identified Nechovski as his drug supplier; (6) request a dismissal of the charges based on the government's non-disclosure of Jarrell's testimony that he had lied; and (7) advise Nechovski of his right to testify. Nechsovksi also alleged that his trial counsel refused to allow him to testify on his own behalf.

4

With respect to the trial testimony of DEA Agent Heufelder, who testified he overheard an incriminating telephone conversation involving Nechovski, whom Heufelder describe as having a distinctive accent, Nechovski further alleged his trial counsel was ineffective for failing to retain an expert witness to testify that he (Nechovski) has no identifiable accent and that his counsel failed to effectively cross examine Heufelder.  Nechovski attached the affidavit of Dr. Rosalind Gann, a linguist and specialist in English as a second language, who interviewed Nechovski and concluded that his accent is largely indistinguishable from that of a native English speaker, and is that of the American Midwest.

Finally, Nechovski argued that was denied the effective assistance of appellate counsel, because that counsel failed to raise claims challenging: (1) the alleged denial of his right to a speedy trial; (2) the alleged denial of his right to present a defense; (3) alleged discovery violations; (4) the alleged denial of his right to testify on his own behalf; and (5) the alleged ineffective assistance of his trial counsel.

On November 27, 2012, Magistrate Judge Norah McCann King issued a Report and Recommendation ("R & R") concluding that Nechovski's § 2255 motion should be denied.  [*Id.*, D.E. No. 141; reported as *Pete Nechovski v. United States*, No. 2:11-CV-862, 2012 WL 5930443 (S.D. Ohio 2011)]  The Magistrate

Judge addressed and examined each of Nechovki's allegations of global ineffective assistance of counsel, but determined that none of them--including Nechovski's argument that his trial counsel should have retained a linguistic expert to contradict DEA Agent Heufelder's testimony about the phone conversation which he overheard--had merit.[2] *Nechovksi*, 2012 WL 5930443, at \*\*10-17.  On December 27, 2012, the district court adopted the R & R and denied Nechovski's § 2255 motion.  [*Id.*, D.E. No. 142, therein]

In January 2013, Nechovski filed a Federal Rule of Civil Procedure 60(b) motion for relief from judgment in the district court, seeking to reopen the judgment denying his § 2255 motion.  [D. E. No. 144, therein]  Nechovski argued that his retained counsel had abandoned the § 2255 proceedings by failing to file objections to the Magistrate Judge's report R & R and by not notifying him of his actions, nor non-actions as to the R & r. The district court denied the motion,

---

[2] In rejecting this claim, the district court reasoned that Nechovski was not prejudiced because his own counsel had noted that he recognized a distinctive accent in Nechovski's speech, and that even Dr. Gann acknowledged that Nechovski's speech retained "barely perceptible traces of the Macedonian sound system . . . ." *Nechovski*, 2012 WL 5930443, at \*10.  The district court also rejected Nechovski's argument that his counsel was ineffective for failing to hire an expert to re-enact the phone call that Jarrell received after being arrested in order to show that Heufelder could not have overheard the voice of the person on the phone, and for failing to file a motion to dismiss the charges based on the prosecutor's failure to disclosed Jarrell's recantation prior to trial.  The district court concluded that Nechovski's argument was based on sheer speculation; that Nechovski's counsel challenged the credibility of Heufelder's testimony during his closing argument, by pointing to evidence that conflicted with Heufelder's testimony; that Nechovski failed to identify what questions he believed his counsel should have asked Heufelder on cross examination that would have been more effective than his closing argument; and that Nechovski pointed to no evidence showing that the prosecutor knew before the trial that Jarrell had recanted or intended to recant his implication of Nechovski in the drug conspiracy. *Id.* at \*\*14-15.

6

noting that Nechovski's appeal of the judgment was still pending before the Sixth Circuit and that Nechovski had not at that time filed any objections to the Magistrate Judge's R & R. [D. E. No. 145, therein]

In March 2013, Nechovski filed a motion for reconsideration and attached thereto his objections to the Magistrate Judge's R & R.   [*Id.*, D. E. No. 147, therein]  The district court denied the motion, concluding that it lacked jurisdiction to resolve the motion for reconsideration; however, the district court also stated that it would be inclined to grant the motion and consider Nechovski's objections if the Sixth circuit court ordered a remand. [*Id.*, D. E. No. 151, therein]  The Sixth Circuit subsequently granted Nechovski's motion to remand, and the matter was remanded.  On June 3, 2014, the district court granted Nechovski's motion for reconsideration and considered his objections to the R & R, but overruled the Objections and again denied his § 2255 motion as being without merit.  [*Id.*, D. E. No. 156, therein]   On July 29, 2014, the district court denied Nechovski a certificate of appealability.  [*Id.*, D. E. No. 158, therein]

On appeal, Nechovski sought a certificate of appealability on the grounds that he had received ineffective assistance of counsel in numerous instances, and that the district court had erred when it denied his § 2255 motion without conducting an evidentiary hearing, ignored Jarrell's affidavit addressing

7

Nechovski's alleged participation in the charged drug transaction, and misinterpreted Dr. Rosalind Gann's linguistic report reflecting that he does not have an identifiable accent. In support of his Objections, Nechovski submitted a letter from Dr. Gann in which she advised Nechovski's family that the district court had misinterpreted her report.

The Sixth Circuit denied Nechovski's application for a certificate of appealability. [*Id.*, D.E. No. 160, therein; *Pete Nechovski v. United States of America*, No. 14-3824 (6th Cir. Jan. 28, 2015)] The Sixth Circuit examined, in detail, all of Nechovski's Sixth Amendment claims alleging ineffective assistance of counsel, and the district court's disposition of those claims, but concluded that as to each claim asserted, reasonable jurist would not debate the district court's determination that Nechovski's attorney did not render ineffective assistance. [*Id.*] The Sixth Circuit concluded that Nechovski had not made a substantial showing of the denial of constitutional right, and that the district court had properly denied his § 2255 motion. [*Id.*] According to the BOP's website, Nechovski's projected date of release is April 16, 2017. *See* https://www.bop.gov/inmateloc/ (last visited on June 3, 2016, re: Pete Nechovski, BOP Register No. 64162-061).

8

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition, Nechovski alleges that the "U.S. Freedom Foundation" provided him with ineffective assistance of counsel by failing to file timely objections to the Magistrate Judge's R & R; failing to fully investigate the facts of his case and interview him and other witnesses; failing to object to the testimony of the DEA agents; failing to file a motion for acquittal; failing to conduct oral argument; and "abandoning" him during the § 2255 proceedings.[3] Nechovski seeks an order setting aside his conviction and sentence, or alternatively, setting an evidentiary hearing to address his claims alleging ineffective assistance of counsel during his criminal proceeding.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided explains the difference between the two statutes as follows:

---

[3] The Court has granted Nechovski's motion to expand the record to include the affidavits of Arthur Shawn Jarrell and Rosalind Gann. See D.E. No. 10.

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).  In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule.  Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles*, 180 F.3d at 756.  Nechovski now collaterally challenges his conviction and sentence on Sixth Amendment grounds under § 2241 via the "savings clause" of § 2255(e).  However, § 2241 is not the proper mechanism for asserting these Sixth Amendment claims.

10

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d at 306-07; *Charles*, 180 F.3d at 756.  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.*  The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002).   The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *Charles*, 180 F.3d at 756.

Nechovski has not carried that burden in this proceeding, because in his § 2241 petition, he does nothing more than assert the very same Sixth Amendment claims alleging ineffective assistance of counsel which he previously and unsuccessfully asserted in his original § 2255 motion, in his objections to the Magistrate Judge's R & R, and on appeal to the Sixth Circuit. As discussed herein, on November 27, 2012, the Magistrate Judge court extensively evaluated all of Nechovski's Sixth Amendment claims alleging ineffective assistance of both trial and appellate counsel, and recommended the dismissal of those claims; on

11

December 27, 2012, the district court adopted that R & R and denied Nechovski's § 2255 motion; and on June 3, 2014, after carefully considering Nechovski's objections to the R & R, the district court overruled Nechovski's Objections and again adopted the R & R, finding that Nechovski's Objections also lacked merit. On appeal, the Sixth Circuit copiously re-examined Nechovski's Sixth Amendment allegations of ineffective assistance of trial counsel, but determined that the district court properly rejected those claims and denied Nechovski's § 2255 motion.

Under *Charles*, the fact that a § 2255 motion was denied by the sentencing court does not mean that the prisoner's remedy under § 2255 was inadequate and ineffective. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255."); *Feurtado v. Zych*, No. 2:09-CV-14283, 2009 WL 3834021, at *2 (Nov. 16, 2009) ("Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence."); *Robinson v. Hemingway*, 175 F.Supp.2d 915, 916 (E.D. Mich. 2001).

Nechovski has previously and unsuccessfully asserted the same Sixth Amendment ineffective assistance of counsel claims which he now asserts in his § 2241 petition, hoping to obtain another bite at the post-conviction apple with regard to those claims, and a different outcome. *Charles* squarely dictates, however, that Nechovski is precluded from taking "another bite at the apple" by recycling the same Sixth Amendment claims in a § 2241 petition which the sentencing court previously addressed and rejected in a § 2255 proceeding.

The affidavits of Arthur Shawn Jarrell (dated March 30, 2011), at D. E. No. 7-1, and Rosalind Gunn (dated August 4, 2012), at D. E. No. 7-2, do not contain new facts or information; do establish that Nechovski's remedy under § 2255 was inadequate or ineffective to challenge his federal detention; and do not change the result mandated by *Charles*. On October 18, 2011, Nechsovski submitted Jarrell's seven-page affidavit (dated March 11, 2011) to the district court, in support of his § 2255 motion. *See* Nechsovksi Criminal Proceeding, No. 2:07-CR-131 (S.D. Ohio) [D. E. No. 121-1, pp. 1-7 therein]   Similarly, Nechovski previously submitted Dr. Gann's August 4, 2012, affidavit to the district court on August 21, 2012, in support of his reply to the Government's Response to his § 2255 motion. *See id.*, D.E. No. 139-1, therein.   The district court specifically discussed both of these affidavits in its June 3, 2014, Order overruling Nechovski's Objections to the

R & R, but concluded that they provided no grounds to grant Nechovski relief under § 2255. *See id.*, D. E. No. 156, pp. 4-9, therein.   Again, Nechovski is simply rehashing the same Sixth Amendment claims which the district court previously rejected.  Because Nechovski has not established that his remedy under § 2255 was inadequate or ineffective, he is not entitled to relief under § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Nechovski has not cited a Supreme Court case which applies retroactively to cases on collateral review, so he has not alleged a viable claim of actual innocence.

Because Nechovski broadly alleges that his trial counsel failed to provide him effective assistance of counsel, and because Nechovski is proceeding without an attorney, the Court will briefly address two cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct.

14

1376 (2012), which discuss the circumstances under which a defendant may assert certain types of claims alleging ineffective assistance of counsel.[4]   Nechovski alleges no facts indicating that the holdings of these cases apply to the facts of his case; as noted, Nechovski was convicted by a jury.   Even so, the Sixth Circuit Court of Appeals and other federal appellate courts have held that *Frye* and *Lafler* do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review.   *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013).

Thus, Nechovski has not shown either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug and firearm offenses of which he was convicted.   Nechovski is not entitled to relief under § 2241; his habeas petition will be denied; and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

_____

[4] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986).   In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386.   The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty.   *Id.*

1.      Petitioner Pete Nechovski's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1, as amended at D. E. No. 10] is **DENIED**.

2.      The Court will enter an appropriate judgment.

3.      This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This June 23, 2016.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge

16